**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MYUNG BUN CHUNG, and SUN OK KANG,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE ROYAL CARE, INC.**<br><br>**Defendant.** | **Case No.:** 23-cv-07962<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action brought by Plaintiffs Myung Bun Chung and Sun Ok Kang to remedy Defendant The Royal Care, Inc.'s a company also known as Royal Care Certified Home Health Care, LLC. (hereinafter "Royal Care") failure to pay for all work hours, failure to pay overtime wages, and failure to provide adequate wage statements.

2.      Plaintiffs seek overtime wages, statutory and liquidated damages, costs, and attorneys' fees, as well as declaratory relief under the FLSA, 29 U.S.C. § 201 *et seq.* and the NYLL Articles 6 and 19 and their implementing regulations.

## JURISDICTION

3.      Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, and under Acts of Congress regulating commerce.

4.      This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. § 1367(a).

5.      The Eastern District of New York has personal jurisdiction over Defendant because it does business in New York and in this judicial District.

## VENUE

6.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this District, including many of the wrongs herein alleged.

## THE PARTIES

### Plaintiffs

7.      Plaintiff Myung Bun Chung is a resident of New York. Her FLSA consent to sue form is attached hereto.

8.      Plaintiff Sun Ok Kang is a resident of New York. Her FLSA consent to sue form is attached hereto.

9.      Plaintiffs are former Home Health Aides ("HHAs") who worked for Royal Care in New York.

10.     Unless otherwise noted, the term "Plaintiffs" as used in this Complaint refers to the Plaintiffs individually, collectively, or in any combination.

### Defendant

11.     At all times relevant herein, Royal Care listed its business address as 6323 14th Avenue, Brooklyn, NY 11219.

## FACTS

12.     Royal Care is a Home Health Care Agency based in New York City that provides home care services to patients and their families.

13.     Upon information and belief, Royal Care grossed more than $500,000 in each of the past six years.

14.     At all times relevant herein, Royal Care has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all times relevant herein, Royal Care has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s).

16.     At all times relevant herein, Plaintiffs were employed by Royal Care as HHAs to provide home care services to Royal Care's patients.

17.     Plaintiff Myung Bun Chung was employed by Royal Care as an HHA from approximately July 2009 to June 2022.

18.     Plaintiff Sun Ok Kang was employed by Royal Care as an HHA from approximately 2007 to May 2021.

19.     At all times relevant herein, Royal Care was an "employer" of Plaintiffs as defined by the FLSA and the NYLL.

20.     At all relevant times herein, Plaintiffs were "employees" within the meaning of both the FLSA and the NYLL.

21.     At all times relevant herein, Plaintiffs were individual employees of Royal Care engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

22.     Plaintiffs regularly worked hours in excess of forty (40) hours per workweek without receiving overtime compensation as required by federal and New York law.

23.     Royal Care maintained compensation policies and practices that did not legally compensate Plaintiffs for all hours worked at the federally and New York mandated overtime

rate.

24.     Starting approximately in May 2016, Royal Care assigned Plaintiffs to work 24-hour "live-in" shifts caring for a Royal Care patient who required care and attention throughout the day and night. To ensure that the patient had one HHA providing care at all times, Royal Care scheduled each Plaintiff to work with the patient for either three or four 24-hour shifts per week.

25.     During "live-in" shifts, Plaintiffs were required to be present in the patient's home for the full 24-hour period and were not allowed to leave the patient unattended. In addition to not being able to leave the home of the patient, Plaintiffs were not free to engage in their own pursuits during the 24-hour shifts.

26.     Royal Care paid Plaintiffs for 13 hours of work during each of the 24-hour "live-in" shifts they worked with the patient.

27.     Plaintiffs were responsible for taking care of all the patient's needs, including feeding and bathing the patient.

28.     Plaintiffs would also perform household chores while caring for the patient.

29.     The patient resided in a studio apartment, and Plaintiffs worked their "live-in" shifts with the patient in this residence.

30.     Plaintiffs did not reside in the home of the patient.

31.     When working their "live-in" shifts with the patient, Plaintiffs slept in the same room as the patient.

32.     Plaintiffs were not provided adequate sleeping facilities that were furnished by Royal Care when working "live-in" shifts with the patient.

33.    Plaintiffs were required to work throughout the night because the patient was active and awake throughout the night and required assistance from Plaintiffs as frequently as every 30 minutes.

34.    Royal Care did not afford Plaintiffs a regularly scheduled sleeping period when scheduled for "live-in" shifts with the patient.

35.    Plaintiffs' sleep was regularly interrupted to assist the patient throughout the night.

36.    Plaintiffs' sleep was regularly interrupted to such an extent that they did not get five hours of uninterrupted sleep.

37.    Royal Care did not relieve Plaintiffs of work duties during meal breaks.

38.    Royal Care suffered and permitted Plaintiffs to regularly work more than 40 hours in a workweek because Plaintiffs typically worked three to four 24-hour "live-in" shifts per week and did not receive three hours of work-free meal breaks or a regularly scheduled eight-hour sleep break that included at least five hours of uninterrupted sleep. As a result, Plaintiffs regularly worked from 72 to 96 hours in a workweek without being paid premium overtime wages of one and one-half times their regular rate of pay for all overtime hours worked.

39.    While working as HHAs for the patient, Plaintiffs constantly complained to Royal Care's staff about the patient's needs, the fact that the patient required care throughout the day and night, and the fact that Plaintiffs were not able to sleep uninterrupted during their shifts.

40.    Royal Care knew or should have known that Plaintiffs were working the full 24 hours of their "live-in" shifts.

41.    Royal Care knew or should have known that Plaintiffs had to work extremely long hours—well over 40 hours each workweek—to complete their assigned work caring for the patient but were not paid overtime wages for all overtime hours worked.

42.     On or around February 10, 2022, Plaintiff Myung Bun Chung filed a complaint with the New York State Department of Labor asserting that she was not properly compensated for all 24 hours she worked during a "live-in" shift.

43.     On or around March 16, 2022, Plaintiff Sun Ok Kang filed a complaint with the New York State Department of Labor asserting that she was not properly compensated for all 24 hours she worked during a "live-in" shift.

44.     Royal Care's method of paying Plaintiffs in violation of the FLSA and New York labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

45.     Royal Care knew the requirement to pay overtime to their employees, but it intentionally and/or recklessly chose not to do so. Accordingly, Royal Care's violations of the FLSA were willful.

46.     Royal Care failed to maintain records concerning Plaintiffs' actual hours worked as required by the FLSA and NYLL.

47.     Royal Care failed to furnish Plaintiffs with proper wage statements on each payday that recorded their actual hours worked and rates of regular hourly and overtime pay.

48.     Royal Care's failure to provide Plaintiffs with proper wage statements injured them by denying them the right to be adequately apprised of the breakdown of their weekly wages including their rates of pay, the number of hours they actually worked each workweek, the actual hours of work for which they were paid in a 24-hour shift, and the purported meal and sleep periods that were deducted from the 24-hour shifts that resulted in the continued underpayment of wages.

49.     As a result of Royal Care's failure to provide proper wage statements, Plaintiffs were injured because if Royal Care had provided proper wage statements, Plaintiffs would have

been able to promptly demand payment for all their work hours, and they could have taken appropriate legal action that would have remedied the injuries of Royal Care's unlawful pay practices earlier.

50.     Royal Care's failure to provide adequate and accurate wage statements concealed evidence of wage and hour violations and Plaintiffs were injured as a result.

51.     Based on the foregoing, as part of its regular business practices, Royal Care has intentionally, willfully, and repeatedly engaged in a pattern, policy, or practice of violating the FLSA and the NYLL with respect to Plaintiffs by:

      a.     willfully failing to record all of the time that Plaintiffs worked for the benefit of Royal Care;

      b.     willfully failing to keep payroll records as required by the FLSA and the NYLL;

      c.     willfully failing to pay Plaintiffs overtime wages for all hours that they worked in excess of 40 hours per workweek.

52.      Upon information and belief, Royal Care's unlawful conduct described herein is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: FLSA OVERTIME

### (Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.)

53.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 52 of this Complaint.

54.     Royal Care failed to pay premium overtime wages to Plaintiffs in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and its implementing regulations.

55.     Royal Care engaged in a widespread pattern, policy, or practice of violating the FLSA, as detailed in this Complaint.

56.     Plaintiffs were required to work 24-hour "live-in" shifts but were only compensated for 13 hours of work for each shift.

57.     Royal Care cannot deduct 11 hours of compensation per 24-hour shift for meals and sleep time from Plaintiffs' pay pursuant to 29 C.F.R. § 785.22 because:

    a.     Royal Care did not provide Plaintiffs with *bona fide* meal breaks;

    b.     Royal Care did not provide Plaintiffs with a *bona fide* regularly scheduled eight-hour sleeping period;

    c.     Royal Care did not provide Plaintiffs with adequate sleeping facilities; and

    d.     Plaintiffs could not enjoy an uninterrupted night's sleep.

58.     Because Plaintiffs regularly worked more than 40 hours per workweek and Royal Care cannot meet the requirements of 29 C.F.R. § 785.22, Plaintiffs are entitled to compensation for all 24-hours of a "live-in" shift, including overtime premiums for all hours they worked over 40 hours per workweek.

59.     Alternatively, because Plaintiffs worked through meal periods, were unable to sleep for five hours uninterrupted, and worked more than 13 hours in each 24-hour "live-in" shift, Plaintiffs regularly worked in excess of 40 hours in each workweek and were not compensated for all overtime hours worked.

60.     Royal Care failed to keep accurate records of time worked by Plaintiffs.

61.     Royal Care did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

62.     Because Royal Care's failure to pay proper premium overtime wages for all overtime hours worked per workweek was willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

63.     As a result of Royal Care's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NEW YORK OVERTIME

**(New York Labor Law Articles 6 and 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142)**

64.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 63 of this Complaint.

65.     Royal Care failed to pay premium overtime wages to the Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including, but not limited to, 12 NYCRR Part 142.

66.     Royal Care has engaged in a widespread pattern, policy, or practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

67.     Plaintiffs were required to work 24-hour "live-in" shifts but were only compensated for 13 hours of work for each shift.

68.     Royal Care cannot deduct 11 hours of compensation per 24-hour shift for meals and sleep time from Plaintiffs' pay because:

     a.     Royal Care did not provide Plaintiffs with *bona fide* meal breaks;

b.    Royal Care did not provide Plaintiffs with a *bona fide* regularly scheduled eight-hour sleeping period;

c.    Royal Care did not provide Plaintiffs with adequate sleeping facilities; and

d.    Plaintiffs could not enjoy an uninterrupted night's sleep.

69.    Because Plaintiffs regularly worked more than 40 hours per workweek and Royal Care was obligated to pay Plaintiffs for all 24-hours of a "live-in" shift, Plaintiffs are entitled to compensation for all 24-hours of a "live-in" shift, including overtime premiums for all hours they worked over 40 hours per workweek.

70.    Alternatively, because Plaintiffs worked through meal periods, were unable to sleep for five hours uninterrupted, and worked more than 13 hours in each 24-hour "live-in" shift, Plaintiffs regularly worked in excess of 40 hours in each workweek and were not compensated for all overtime hours worked.

71.    Royal Care failed to keep accurate records of time worked by Plaintiffs.

72.    Royal Care did not make a good faith effort to comply with the New York Labor Law with respect to its compensation of Plaintiffs.

73.    As a result of Royal Care's violations of the New York Labor Law, Plaintiffs have suffered damages by being denied overtime wages in accordance with the New York Labor Law in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to New York Labor Law Articles 6 and 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## THIRD CAUSE OF ACTION: NEW YORK WAGE STATEMENTS

### (New York Labor Law Article 6, § 195(3))

74.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73 of this Complaint.

75.     New York Labor Law § 195(3) requires that employers furnish non-exempt employees with a statement listing every payment of wages along with their regular hourly rate or rates of pay, their overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

76.     Royal Care's failure to comply with New York Labor Law § 195(3) was willful.

77.     Royal Care has engaged in a widespread pattern, policy, or practice of violating the New York Labor Law § 195(3) requirement to provide accurate wage statements, as detailed in this Complaint.

78.     Plaintiffs could not reasonably access the record of their actual work hours.

79.     Royal Care's failure to provide the actual number of work hours to Plaintiffs misled Plaintiffs because they could not determine whether they were accurately paid for all their work hours.

80.     As a result of Royal Care's failure to provide work hours information, Plaintiffs suffered wage theft.

81.     Royal Care's violation of NYLL § 195(3) caused Plaintiffs to suffer actual harm and injury for which they are entitled to statutory damages in an amount to be determined at trial, plus costs and attorneys' fees, pursuant to the New York Labor Law.

**RELIEF SOUGHT**

**WHEREFORE,** Plaintiffs pray for judgment against Defendant with respect to the FLSA violations as follows:

A. Finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs under the FLSA;

B. Awarding Plaintiffs the costs of this action as provided under the FLSA;

C. Awarding Plaintiffs their attorneys' fees as provided under the FLSA;

D. Awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

**WHEREFORE,** Plaintiffs pray for judgment against Defendant with respect to the New York Law violations as follows:

A. Declaring that the practices complained of herein are unlawful under the laws of New York;

B. Ordering appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including, but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

C. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

D. Awarding pre-judgment and post-judgment interest, as provided by law;

E. Ordering such other injunctive and equitable relief as the Court may deem just and proper;

F.   Awarding Plaintiffs their attorneys' fees and costs of suit, including expert fees and

costs; and

G.   Granting such other and further relief as may be necessary and appropriate.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:   October 25, 2023

Respectfully Submitted,

By:   */s/ Artemio Guerra*
Artemio Guerra
Briana Beltran*
HKM EMPOLYMENT ATTORNEYS, LLP
153 Main Street, Suite 201
New Paltz, NY 12561
Telephone: (212) 439-5127
E-Mail: aguerra@hkm.com

*\* Pro hac vice application forthcoming*

## CONSENT TO SUE UNDER THE FLSA

I, Myung Bun Chung, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, service awards, and other relief arising out of my employment with The Royal Care Inc. and any other associated parties. I authorize HKM Employment Attorneys, LLP, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated:        6/ 7 /2023

Signature:        _____
                  Myung Bun Chung

## CONSENT TO SUE UNDER THE FLSA

I, Sun Ok Kang, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, service awards, and other relief arising out of my employment with The Royal Care Inc. and any other associated parties. I authorize HKM Employment Attorneys, LLP, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated:        6/ 7 /2023

Signature:        _____ Sun Ok Kang _____
        Sun Ok Kang