UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MYUNG BUN CHUNG, and
SUN OK KANG,

                Plaintiffs,

       -against-

THE ROYAL CARE, INC.,

                Defendant.
------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-07962 (OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge:

      Myung Bun Chung and Sun Ok Kang ("Plaintiffs") commenced this action against Defendant the Royal Care, Inc. ("Defendant") on October 25, 2023, alleging violations of the Fair Labor Standards Act and the New York Labor Law. Complaint, ECF 1.

      On April 25, 2024, Defendant filed a motion to compel arbitration and dismiss the Complaint, and Plaintiffs filed their opposition. Motion to Compel Arbitration, ECF 20; Defendant's Memorandum of Law, ECF 21; Plaintiffs' Opposition, ECF 24; Defendant's Reply, ECF 25.

      On October 7, 2024, the Court referred Defendant's motion to compel arbitration and dismiss the complaint to Magistrate Judge Eshkenazi for a report and recommendation. On January 8, 2025, Magistrate Judge Eshkenazi issued a Report and Recommendation ("R&R"), recommending that the Court: (1) grant Defendant's motion to compel arbitration, ECF 20; (2) deny Defendant's motion to dismiss the Complaint, *id.*; and (3) stay this action pending arbitration. R&R, ECF 28. Plaintiffs timely filed objections to the R&R, *see* Plaintiffs' Objections to R&R ("Pls.' Objs."), ECF 31, and Defendants filed a response, *see* Defendant's Response to Plaintiffs' Objections ("Def.'s Resp."), ECF 32.

1

For the following reasons, the R&R is adopted in its entirety.

## LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge de novo."); *Killoran v. Westhampton Beach Sch. Dist.*, 17-CV-00866, 2021 WL 665277, at *1 (E.D.N.Y. Jan. 25, 2021). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Kosmidis v. Port Auth. of New York & New Jersey*, 18-CV-08413, 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Molefe*, 602 F. Supp. 2d at 487 ("The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings."). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are therefore considered "proper" for the district court's consideration. FED. R. CIV. P. 72(b)(2). "[G]eneral or conclusory

objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, 09-CV-00272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

In reviewing a report and recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, 15-CV-7397 (JS) (GRB), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (internal quotation marks omitted); *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)) (internal quotation marks omitted). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)) (alteration in original).

## DISCUSSION

The parties have no objection to the R&R's recommendation that the Court deny Defendant's motion to dismiss the complaint and stay this action. *See* Pls.' Objs. at 1 n.1 ("Plaintiffs do not object to the R&R to the extent that it concludes that, if the case is to be sent to arbitration, it should be stayed, rather than dismissed."); *see generally* Def.'s Resp. at 2 ("[T]he R&R denied [Defendant's] motion to dismiss the [c]omplaint and instead stayed this action

3

pending arbitration, and [Defendant] did not object to this finding . . . .").[1] Therefore, the Court reviews that recommendation for clear error. To the extent that Plaintiffs object to the R&R's recommendation that the Court grant Defendant's motion to compel arbitration, for the reasons below, the Court also reviews those objections for clear error.

Because a motion to compel arbitration is non-dispositive, the Court reviews any objections to the R&R's recommendation on that motion for clear error under Federal Rule of Civil Procedure 72(a).[2] Numerous courts in this Circuit have concluded that a motion to compel arbitration is non-dispositive and thus an R&R on that motion should be reviewed for clear error. *See Marcus v. Collins*, 16-CV-4221 (GBD) (BCM), 2016 WL 8201629, at *1 n. 1 (S.D.N.Y. Dec. 30, 2016) ("Although the Second Circuit has not yet addressed the issue, a number of well-reasoned District Court decisions within this Circuit have concluded that a motion to compel arbitration is non-dispositive, and therefore that a Magistrate Judge may decide the motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72 (a) rather than issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).") (citing *Cumming v. Indep. Health Ass'n, Inc.*, 13-CV-969 (RJA) (LGF), 2014 WL 3533460, at *1 (W.D.N.Y. July 16, 2014)); *Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, 2023 WL 1382134, at *1 n.2 (S.D.N.Y. Jan. 31, 2023) (same) (collecting cases); *Chen-Oster v. Goldman, Sachs & Co.*, 785 F. Supp. 2d 394, 399 n.1 (S.D.N.Y. 2011), *rev'd on other grounds sub nom. Parisi v. Goldman, Sachs & Co.*, 710 F.3d

---

[1] Defendant did not file objections to the R&R, including the R&R's recommendation that the Court deny Defendant's motion to dismiss the complaint by the January 22, 2025 deadline.

[2] In a footnote, Plaintiffs summarily argue, without citation to any legal authority, that because Defendant sought to compel arbitration and to dismiss the case in its entirety, Defendant's motions are dispositive and as such the R&R is subject to *de novo* review. Pls.' Objs. at 1 n.1. Nonetheless, because the R&R recommends that that Defendant's motion to dismiss be denied, and Defendant does not object to this recommendation, the only remaining practical consequence with respect to the motion to compel arbitration is a stay of this action. And, as Plaintiffs concede, motions to compel arbitration and for a stay are non-dispositive and courts in this Circuit review reports and recommendations on these motions for clear error.

483 (2d Cir. 2013); *Desarrolladora La Ribera v. Anderson*, 24-CV-67 (LAK) (BCM), 24-CV-67 (LAK) (BCM), 2024 WL 5186600, at *1 (S.D.N.Y. Dec. 20, 2024) ("Motions to compel arbitration and for related relief are within the authority of a Magistrate Judge to 'hear and determine' pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), subject to 'clear error' review if a timely objection is filed with the District Judge.") (citing *Legal Recovery Assocs. LLC*, 2023 WL 1382134, at *1 n.2). (S.D.N.Y. Jan. 31, 2023) (collecting cases) ("Although the Second Circuit has not yet addressed the issue, a clear consensus has developed among the District Courts within our Circuit that motions to compel arbitration and for the related relief sought here are non-dispositive, and therefore that a Magistrate Judge may decide the motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) rather than issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)."); *Reading v. The Home Depot*, 23-CV-498 (JLS) (JJM), 2024 WL 2240120, at *1 (W.D.N.Y. May 16, 2024); *see also Manukian v. Pritchard Indus., Inc.*, 22-CV-10724 (JLR) (OTW), 2023 WL 6311287, at *1 n.2 (S.D.N.Y. Sept. 28, 2023); *GateGuard, Inc. v. Goldenberg*, 585 F. Supp. 3d 391, 394 n.2 (S.D.N.Y. 2022).

The Court has carefully reviewed Plaintiffs' objections and the relevant record. Specifically, Plaintiffs objected to the R&R's recommendation that the Court grant the motion to compel arbitration, arguing that it: (1) fails "to properly scrutinize gaps and inconsistencies in Defendant's submitted evidence regarding the alleged mailing of the arbitration agreement"; (2) fails "to apply binding Second Circuit precedent when considering Plaintiffs' declarations"; and (3) fails "to conclude that there is a genuine dispute of material fact about alleged receipt of the Agreement such that discovery and an evidentiary hearing are warranted." Pls.' Objs. at 1. However, these objections are overruled.

The Court has carefully and thoroughly reviewed the R&R, Plaintiffs' objections, and the relevant record. As to Plaintiffs' objections, the R&R's recommendation that the motion to compel arbitration be granted, the motion to dismiss the complaint be denied, and that this action be stayed pending arbitration, R&R at 1, are neither clearly erroneous, nor contrary to law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the R&R are overruled, and the R&R is adopted in its entirety. Accordingly, Defendant's motion to dismiss is denied, Defendant's motion to compel arbitration is granted, and this case is stayed pending arbitration.

SO ORDERED.

Dated: March 14, 2025
       Brooklyn, New York

/s/
ORELIA E. MERCHANT
United States District Judge