

Littler Mendelson, P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747


Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

March 24, 2025

**VIA ECF**

Honorable Orelia E. Merchant
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Bun Chung et. al. v. The Royal Care, Inc.</u>
            Docket No. 23 cv 07962 (OEM)(LKE)
            <u>Garcia-Pena v. The Royal Care, Inc.</u>
            Docket No. 24 cv 08930 (RER)(LKE)

Dear Judge Merchant:

This firm represents Defendant The Royal Care, Inc. ("Defendant") in *Garcia-Pena v. The Royal Care, Inc.*, Docket No. 1:24-cv-08930-RER-LKE, currently pending before Judge Ramon E. Reyes, Jr. ("Royal Care 2"). Pursuant to Rule 3 of the Rules for the Division of Business for the Eastern District of New York ("DOB Rules"), we write to apply for a determination that Royal Care 2 is related to <u>Bun Chung et. al. v. The Royal Care, Inc.</u>, Docket No. 1:23-cv-07962-OEM-LKE, currently pending before this Court ("Royal Care 1"), and respectfully request that Royal Care 2 be transferred to this Court and consolidated with Royal Care 1.

**I.    BACKGROUND**

    **A.    Royal Care 1**

The plaintiffs in Royal Care 1 are home health aides formerly employed by Defendant and have asserted claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as a claim under the NYLL for failure to provide wage statements under NYLL Section 195. Plaintiffs' unpaid overtime claims are based on Defendant's alleged "pattern, policy, or practice" of violating the FLSA and NYLL. <u>See</u> Complaint, Doc. No. 1, at ¶¶ 51, 55, 66.

On January 8, 2025, Magistrate Judge Lara K. Eshkenazi issued a Report & Recommendation ("R&R") finding that the plaintiffs in Royal Care I were subject to an arbitration agreement with Defendant and recommending that this Court grant Defendant's motion to compel arbitration and stay this action pending arbitration. <u>See</u> R&R, Doc. No. 28. On March 14, 2025, this Court adopted Magistrate Judge

Eshkenazi's R&R, granting Defendant's motion to compel arbitration and staying this matter pending arbitration.  See Memorandum and Order, Doc. No. 35.

### B. Royal Care 2

Nidia Garcia-Pena, the named plaintiff in Royal Care 2, is also a home health aide formerly employed by Defendant who filed a Collective Action Complaint on December 31, 2024.[1] Garcia-Pena brings her action on behalf of herself and a purported collective defined as: "All persons employed by Defendants, at any time from December 31, 2021 to December 31, 2022, . . . , who worked as home health aids [sic]."  Like the plaintiffs in Royal Care 1, Garcia-Pena asserts claims of unpaid overtime under the FLSA and NYLL, based on Defendant's "illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week."  See Royal Care 2 Complaint, ¶ 29.

Garcia-Pena is subject to the same arbitration agreement at issue in Defendant's motion to compel arbitration in Royal Care 1.  As discussed in further detail below, Defendant intends to file a motion to compel arbitration in Royal Care 2 like it did in Royal Care 1.

## II. ROYAL CARE 2 SHOULD BE TRANSFERRED TO THIS COURT BECAUSE IT IS RELATED TO ROYAL CARE 1 UNDER DOB RULE 3

Pursuant to DOB Rule 3:

> A civil case is "related" to another civil case for purposes of this Rule when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge.

DOB Rule 3(a).

Here, the plaintiffs in both Royal Care 1 and Royal Care 2 were all formerly employed by Defendant as home health aides.  The plaintiffs in both cases assert claims of unpaid overtime under the FLSA and NYLL, in addition to other wage and hour claims, and the plaintiffs in both cases assert that Defendant implemented a general policy not to pay overtime wages in violation of the FLSA and NYLL.  Also, one of the plaintiffs in Royal Care 1 is part of the purported collective as defined in Royal Care 2.[2]

Further, like the plaintiffs in Royal Care 1, who were found by this Court to be bound by arbitration agreements with Defendant, Garcia-Pena is subject to an arbitration agreement with Defendant that Defendant intends to move the Court to enforce by filing a motion to compel arbitration.  See Defendant's

---

[1] A copy of the Collective Action Complaint in Royal Care 2 ("Royal Care 2 Complaint") is attached hereto as **Exhibit A**.

[2] In Royal Care 1, plaintiff Myung Bun Chung alleges that she was employed by Defendant as a home health aide from approximately 2010 to August 23, 2022.  See Compl., Doc. No. 1, ¶ 17.  The purported collective in Royal Care 2 is defined as: "All persons employed by Defendants, at any time from December 31, 2021 to December 31, 2022, . . . , who worked as home health aids [sic]," and thus includes plaintiff Myung Bun Chung.

Pre-Motion Letter Requesting Leave to File Motion to Compel Arbitration, Docket No. 24 cv 08930, Doc. No. 11.[3]

Accordingly, the two cases easily satisfy the standard of relatedness under DOB Rule 3 and a substantial saving of judicial resources would result from assigning both cases to this Court. Absent a determination of relatedness, there would be a duplication of effort, as this Court has already ruled on a motion to compel arbitration that is based on the same arbitration agreement on which Defendant's anticipated motion to compel arbitration will be based in Royal Care 2.[4]

### III.    THE UNDERSIGNED'S EFFORTS TO CONFER WITH GARCIA-PENA'S COUNSEL

On January 7, 2025, we advised Garcia-Pena's counsel that Defendant maintained an arbitration program requiring Garcia-Pena to arbitrate her claims on an individual basis. On February 7, 2025, I spoke with Garcia-Pena's counsel who indicated he would likely consent to arbitration. I forwarded to him a copy of Defendant's arbitration agreement and advised that it had been filed in Royal Care 1 in connection with Defendant's motion to compel arbitration therein. Nevertheless, instead of advising us as to whether he would agree to proceed to arbitration, Garcia-Pena's counsel filed a pre-motion conference request to discuss an anticipated motion for conditional certification of a collective action under the FLSA before Defendant's time to respond to the Complaint has expired and before counsel has appeared on the docket in this matter. See Royal Care II Doc. No. 7. Plaintiff did not advise Judge Reyes that an arbitration program existed, or that this Court granted Defendant's motion to compel arbitration in Royal Care 1.

Before filing this letter motion, we also advised Garcia-Pena's counsel of our position that Royal Care 1 and Royal Care 2 are related cases, but Garcia-Pena's counsel stated that he disagreed. In fact, on March 21, 2025, Garcia-Pena's counsel filed a "Plaintiff's Notice of Related Case" stating that he did not believe the two cases are related and that, because Royal Care I had been ordered to arbitration, it "is no longer pending in this Court." See Docket No. 24 cv 08930, Doc. No. 9 (attached as **Exhibit C**). Of course, the fact that this Court has stayed Royal Care 1 pending arbitration does not mean it is no longer pending in this Court. See Memorandum and Order, Doc. No. 35 (noting that motion to compel arbitration is non-dispositive and denying motion to dismiss).

---

[3] A copy of Defendant's pre-motion letter for its anticipated motion to compel arbitration in Royal Care 2, without exhibits, is attached as **Exhibit B**.
[4] While both Royal Care 1 and Royal Care 2 have been assigned to Magistrate Judge Eshkenazi, Defendant's anticipated motion to compel arbitration will ultimately be decided by a District Judge.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests a determination that Royal Care 2 is related to Royal Care 1, and respectfully request that Royal Care 2 be transferred to this Court.

Thank you for the Court's consideration of this request.

Respectfully submitted,

/s/ *Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez

cc:     Honorable Ramon E. Reyes (via ECF)
        All attorneys of record (via ECF)

4897-7045-5854.1 / 124422.1009